UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JULIA BASILE,

                    Plaintiff,        08 Civ. (  )

   -against-

ARLENE VALENTINE, individually, TRACI
L. HORWEDEL, individually, WALTER
SPAGNOLA, individually, RAMESH MEHETA,
individually, JOHN L. BUONO, individually,     COMPLAINT
MICHAEL R. FLEISCHER, individually,
and the NEW YORK STATE THRUWAY
AUTHORITY,

                    Defendants.

08 CIV. 7264

Jury Trial Demanded

-------------------------------------------------------------x

      Plaintiff JULIA BASILE, by her attorneys Lovett & Gould, LLP, for her complaint respectfully states:

## NATURE OF THE ACTION

      1. This is an action for compensatory and punitive damages, proximately the result of actions taken by Defendants while acting in concert under color of New York State law, for violations of Plaintiff's rights as guaranteed by Title VII, 42 U.S.C. §2000e *et. seq*, and 42 U.S.C. §1983.

## JURISDICTION

      2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. With respect to Plaintiff's Title VII retaliation claims, in <u>Basile v. Spagnola</u>, 07 Civ. 12247

1

(CS/LMS)(hereinafter "Basile II") Plaintiff claimed *inter alia* Title VII retaliation on the basis of a Charge of Discrimination (#165200500490) filed with the EEOC on February 2, 2005, which resulted in the issuance of a Notice of Right to Sue by the United States Department of Justice on November 29, 2005. In that connection the Defendant Thruway Authority moved to dismiss the complaint in Basile II on *inter alia* the ground that, even though Plaintiff was claiming retaliation on the basis of the original Charge of Discrimination, she was required to file a new Charge as a condition precedent to filing the Title VII claim. Plaintiff opposed that motion and, by way of alternative defense with respect to the Thruway Authority's argument, duly filed another Charge of Discrimination with the EEOC. On June 18, 2008, the United States Department of Justice issued another Notice of Right to Sue. With respect to Plaintiff's state law claim, it is interposed in accordance with the Court's supplemental jurisdiction, 28 U.S.C. §1367.

## THE PARTIES

3. Plaintiff JULIA BASILE, a thirty-four year old single mother, is a citizen of the United States, a domiciliary of the State of New York, and a resident of the County of Rockland. At all times relevant to this complaint she has been, and continued to be until the retaliation referenced in the complaint in Basile II, employed by the New York State Thruway Authority (hereinafter "Authority") since April 2003 until recently as the only female welder assigned to work on the Tappan Zee Bridge. In 2005 she filed a Title VII and 42 U.S.C. § 1983 civil rights action against the Authority, Defendant Spagnola and other Authority officials/employees by reason of a gender-based hostile work environment.

---

Basile v. Spagnola, 05 Civ. 10699 (LMS)(hereinafter "Basile I"). As against Defendant Spagnola the case resulted in a jury verdict in the Spring of 2007 in the principal sum of $200,000 - - $50,000 of which was punitive damages. In connection with the events set forth *infra* Plaintiff is, and has continuously been drug free - - except for prescribed medications required to be taken by reason of the sexually hostile work environment and retaliation referenced *infra*.

    4. Defendant ARLENE VALENTINE (hereinafter "Valentine"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was employed in the Defendant Authority's Bureau of Personnel as a "Drug and Alcohol Testing Program Coordinator".

    5. Defendant TRACI L. HORWEDEL (hereinafter "Horwedel"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was employed in the Defendant Authority's Bureau of Personnel as the "Personnel Director".

    6. Defendant WALTER SPAGNOLA (hereinafter "Spagnola"), who is sued in his individual and personal capacities only, at all times relevant to this complaint has for years been employed by the Authority as a "Supervising Bridge Painter" assigned to the Tappan Zee Bridge (hereinafter the "Bridge"). As such, and by reason of his seniority and political connections in the Authority, he *de facto* controls: i) the on-the-job conduct of many of the Authority employees assigned to the Bridge, including his individually named co-defendants; and ii) many of the workplace activities of the Authority, including the circumstances referenced *infra*. Since Plaintiff's commencement of employment Spagnola, motivated by gender hostile animus, has sexually abused her and *inter alia*

3

stalked her in the workplace. Since the verdict in <u>Basile I</u> he has re-doubled his stalking activities with respect to Plaintiff, which activities continue to date - - all with the knowing consent and/or encouragement and/or conscious reckless disregard of his co-defendants. Spagnola is a Defendant in <u>Basile I</u> and <u>Basile II</u>.

7. Defendant RAMESH MEHTA (hereinafter "Mehta"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed by the Authority as the Director of the New York Region. He like his individually named co-defendants knowingly and/or intentionally and/or in reckless disregard of the readily foreseeable consequences agreed to the retaliatory conduct referenced *infra* motivated by the same animus. Mehta is a Defendant in <u>Basile II</u>.

8. Defendant JOHN L. BUONO (hereinafter "Buono"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the Chairman of the Defendant Thruway Authority. He is, upon information and belief, personally aware of the events that precipitated the filing/prosecution of <u>Basile I</u> and <u>Basile II</u>, and though empowered to put an end to the gender hostile and Title VII retaliatory work environment which Plaintiff continues to endure, has intentionally and/or in reckless disregard of the readily foreseeable consequences taken no remedial action whatsoever. In that connection he has encouraged, condoned and/or ratified on behalf of the Authority all of that illegal conduct.

9. Defendant MICHAEL F. FLEISCHER (hereinafter "Fleischer"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed as the Executive Director of the Defendant Thruway Authority. He like Buono upon information and belief, is personally aware of the events that precipitated the

4

filing/prosecution of <u>Basile I</u> and <u>Basile II</u>, and, though empowered to put an end to the gender hostile/Title VII retaliatory work environment which Plaintiff continues to endure, has intentionally and/or in reckless disregard of the readily foreseeable consequences taken no remedial action whatsoever. In that connection he, like Buono, has encouraged, and/or ratified on behalf of the Authority all of that illegal conduct.

10. Defendant NEW YORK STATE THRUWAY AUTHORITY (hereinafter "Authority") is a public authority created by and existing pursuant to the laws of the State of New York. The Authority was a named Defendant in <u>Basile I</u> and monitored through its counsel the trial in that action. By reason of <u>Basile I</u> and <u>Basile II</u> the Authority has intentionally encouraged and condoned the individually named Defendants' plan to retaliate against Plaintiff by reason of her: filing of the Charge of Discrimination in 2005; the Department of Justice's issuance of a Notice of Right to Sue as a result; the verdict in <u>Basile I</u>; the filing/prosecution of <u>Basile II</u>; the filing of the 2008 Charge of Discrimination; and the issuance by the Department of Justice of the 2008 Notice of Right to Sue.

## THE FACTS

11. Given the pendency of the Authority's motion to dismiss the Title VII retaliation claim alleged in <u>Basile II</u>, and in light of the Department of Justice's recent issuance of a Notice of Right to Sue, the complaint in <u>Basile II</u> is annexed, incorporated herein, and made a part hereof.

12. In connection with Plaintiff's return to work from a compensable job injury suffered as a result of Spagnola's continued stalking of her with impunity, on

June 27, 2008, Defendants falsely claimed that Plaintiff had been selected for drug testing on a "random" basis supposedly in accordance with the United States Department of Transportation Procedures for Transportation Workplace Drug and Alcohol Testing Programs. As a result of the individually named Defendants' agreement on that date Plaintiff was unlawfully ordered - - under threat of job termination - - to submit a urine sample for purposes of drug testing despite the circumstance that she had been selected purposefully and intentionally, not randomly.

13. As pre-arranged by Defendants, Spagnola was present in the workplace location where Plaintiff, under duress, was ordered to provide a urine sample. By reason of his presence, past history of sexual abuse of Plaintiff, constant stalking of Plaintiff, and contemporaneous threatening demeanor, Plaintiff by reason of stress/fear was unable to provide the sample as ordered.

14. Under the circumstances Defendants, acting through Valentine, advised Plaintiff that her employment was summarily terminated. Shortly thereafter and for reasons undisclosed Valentine advised Plaintiff that her employment was not being terminated.

15. Instead Defendants acting through Valentine ordered Plaintiff to submit to drug testing by Michael Barr, M.D., a urologist. In that connection they deceptively advised Barr in a letter dated July 1, 2008:

> "You have been selected as the referral physician to evaluate Julia Basile for the inability to provide a sufficient amount of urine for a federally mandated drug test. . . "

16. On July 3, 2008, and under duress Plaintiff complied with the Defendants'

directive and gave a urine specimen to Barr. Barr then advised the Defendants:

> "After seeing your patient, **Julia Basile** on July 3, 2008 I found the following chief complaint and history of present illness: She was required to give a specimen under duress. The place she was at [*sic*], was occupied by a person, who she sees as threatening. She gave me a specimen without trouble. She will give a specimen to LabCorp, a state licensed lab.
>
> An attempt to speak with Dr. Gerson [one of the Authority's Medical Review Officer] was blocked by his staff. I can only conclude that he does not want to talk to me.
>
> If you want to repeat the test, take her to a legitimate lab yourself."

(boldface in original).

17. By correspondence dated August 7, 2008, authored by Valentine on her and her co-defendants' behalves, she advised Plaintiff:

> "Dr. Barr forwarded his evaluation to University Services which provides Medical Review Officer (MRO) services to the New York Thruway Authority (Authority). Based on Dr. Barr's evaluation, MRO Dr. Anu Konakanchi of University Services has concluded that you did not have a medical condition that precluded you from providing a sufficient amount of urine for your random drug test on June 27, 2008. Dr. Konakanchi, therefore, determined that the status of your June 27, 2008 random drug test is Refusal

7

to Test. Enclosed is a Drug and Alcohol Violation Notice.

Under the federal regulations, a Refusal to Test requires you to be removed from safety sensitive duties and not returned to your safety sensitive duties until you complete a Substance Abuse Professional (SAP) evaluation and a referral and education/treatment process.

I understand that you are currently on medical leave without pay for an unrelated issue. However, should you be medically cleared to return to work from your current medical leave before you complete the SAP process, you must complete the SAP process before you can return to work. You will be placed on leave without pay at that time pending your completion of the SAP process.

The first step in the process is for you to forward a check or money order payable to the New York State Thruway Authority in the amount of $315 to Ms. Arlene Valentine. . .to pay for your SAP services. . .".

18. In taking the subject retaliatory actions against Plaintiff Valentine, Horwedel, Spagnola, Meheta, Buono, Fleischer and the Authority were motivated in substantial respect to punish Plaintiff for her having: i) filed multiple Charges of Discrimination with the EEOC; ii) received the original Notice of Right to Sue and commenced litigation on the basis of it; iii) prosecuted <u>Basile I</u> to verdict in connection with which litigation she adduced truthful testimony regarding at least one crime committed by Spagnola (sexual abuse) and multiple crimes committed by other Authority employees (smoking marijuana on the job; gambling on the job; sleeping on the job and receiving compensation for same); filed <u>Basile II</u> in which she in good

8

faith expressed her opinion regarding the commission of various crimes by Spagnola and other Authority employees/officials including multiple attempts at murder; and *inter alia* her having filed an in-house discrimination complaint regarding systemic sexual harassment.

19. As a proximate result of Defendants' conduct, Plaintiff has been forced to suffer: a violation of her Fourth Amendment rights; violations of her right to Equal Protection; Title VII retaliation; emotional upset; anxiety; public humiliation; public shame; public embarrassment; public degradation, and has otherwise been rendered sick and sore.

### AS AND FOR A FIRST CLAIM
### AGAINST THE AUTHORITY

20. Repeats and realleges as if fully set forth the allegations of contained in paragraphs "1" to "19", inclusive.

21. Under the premises Defendants' subjection of Plaintiff to retaliatory non-random drug test violated her rights as guaranteed by Title VII, 42 U.S.C. §2000e *et. seq.*

### AS AND FOR A SECOND CLAIM
### AGAINST THE INDIVIDUALLY
### NAMED DEFENDANTS

22. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "19", inclusive.

23. Under the premises Defendants' subjection of Plaintiff to retaliatory non-random drug testing violated her rights as guaranteed by the Fourth Amendment to

the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A THIRD CLAIM
### AGAINST THE INDIVIDUALLY
### NAMED DEFENDANTS

24. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "19", inclusive.

25. Under the premises Defendants' subjection of Plaintiff to retaliatory non-random drug testing by reason of her gender and/or constitutionally protected speech violated her rights as guaranteed by the Equal Protection Clause of the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A FOURTH CLAIM
### AGAINST THE AUTHORITY

26. Repeats and realleges as if fully set forth the allegations of fact contained in paragraph "12".

27. Under the premises the Authority violated Plaintiff's rights as guaranteed by Title VII, 42 U.S.C. §2000e *et. seq.*

### AS AND FOR A FIFTH CLAIM
### AGAINST THE INDIVIDUALLY
### NAMED DEFENDANTS

28. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "19", inclusive.

29. Under the premises Defendants conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C.

§1983.

## AS AND FOR A SIXTH CLAIM
## AGAINST THE INDIVIDUALLY
## NAMED DEFENDANTS

30. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "19", inclusive.

31. Under the premises the individually named Defendants, acting as aiders and abettors, violated Plaintiff's rights as guaranteed by Section 296 *et. seq* of the New York State Executive Law.

WHEREFORE a judgment is respectfully demanded:

a. Awarding against the individually named Defendants with respect to the Second, Third, and Fifth Claims such punitive damages as the jury may impose,

b. Awarding against the Authority with respect to the First and Fourth Claims, such compensatory damages as the jury may determine,

c. Awarding against the individually named Defendants with respect to the Second, Third and Fifth Claims such compensatory damages as the jury may determine,

d. Awarding on the First, Second, Third, Fourth and Fifth Claims reasonable attorney's fees and costs, and,

    e.  Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       August 14, 2008

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401